UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN STEVIE M. KNIGHT,<br><br>Respondent. | Civil Action No. 23-1311 (KMW)<br><br>MEMORANDUM ORDER |

This matter comes before the Court on Petitioner Cesar Sanchez's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 7). By way of background, in his petition, Petitioner sought to challenge a prison disciplinary charge for attempted escape on Due Process Grounds. (ECF No. 1.) As relief, Petitioner sought the vacating of the charge and the return of 27 days of good conduct credits he lost as punishment for the charge. (ECF No. 1-1 at 5.)

In its response to Petitioner's habeas petition, the Government filed a letter in which it informs the Court that, On May 17, 2023, the BOP granted Petitioner's appeal of the disciplinary charge in question, expunged the escape charge and resulting sanctions, and returned to Petitioner the 27 days of credits he had lost. (ECF No. 7 at 1-2.) Petitioner was thereafter released from prison on May 30, 2023. (*Id.* at 1.) As Petitioner has been released, and received the relief he sought in the form of the expunging of the escape charge, the Government contends that this matter has become moot. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial

1

proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, where events provide a petitioner with the relief he sought and render a habeas petition incapable of providing meaningful relief, that petition must be dismissed as moot. *See, e..g., Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005).

In this matter, Petitioner sought only to have his escape charge expunged and have his credits restored to him. The documents the Government has provided (ECF No. 7-1) clearly indicate that Petitioner's charge has been overturned administratively, Petitioner received his credits, and petitioner was ultimately released from prison on May 30, 2023. (*Id.* at 13.) As such, Petitioner has already received the relief he sought, this Court is without a meaningful opportunity to provide him relief, and this matter is therefore moot and must be dismissed as such.

**IT IS THEREFORE** on this 18th day of August, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge